### WADE v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. EVIDENCE (§ 77*)—FAILURE TO CALL WITNESS—PRESUMPTIONS.
   Where a party fails to call a material witness, the jury at most is at liberty to draw an inference if, all considered, it is a fair inference, that the witness, if called, could not testify truthfully in support of the party's case.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

2. APPEAL AND ERROR (§ 1064*)—INSTRUCTIONS—PREJUDICE.
   An instruction that, if plaintiff has not brought a witness who might aid her case, the jury may consider that fact in weighing all the other testimony in the case, though not strictly accurate, was not prejudicial to defendant.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219–4224; Dec. Dig. § 1064.*]

   Hirschberg, P. J., dissenting.

---

Appeal from Westchester County Court.

Action by Elizabeth Wade against the City of Mt. Vernon. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 123 App. Div. 796, 108 N. Y. Supp. 241.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

J. Mortimer Bell, for appellant.

Frank A. Bennett, for respondent.

GAYNOR, J.　The lower end of the plaintiff's radius was fractured in several places. Her family physician reduced the fractures and attended her. After five weeks he took her to an expert surgeon at an hospital in New York City, and she remained and was treated there by the said surgeon for two weeks. He took an X-ray photograph of her arm and hand, which showed the fractures. The trouble was in setting them properly and getting them to unite. The family physician was examined as a witness for the plaintiff. He gave a history of the case, and testified to present impairment from the injury. He proved the taking of the photograph and it was received in evidence. The defendant also called one witness. He examined the plaintiff two years after the injury. He did not contradict the fact of the fractures, but disagreed as to present impairment, or capacity to use the arm. The said hospital surgeon was not called.

After the charge counsel for the defendant asked the learned trial judge to charge that the said surgeon "is a material witness, and the jury may infer from his absence as a witness here that his testimony would have been unfavorable to the plaintiff." To which the judge responded:

"I decline. I charge that if they find that the plaintiff has not brought a witness here who might aid her case, they may take that fact into consideration in weighing all the other testimony in the case."

The request was crude and inexact, and the charge in response was also, but such things must occur with the ablest men in the off-hand work of trials. If there was any error it was not serious, and we have at last received full warrant from the highest court of the state not to reverse for errors if we feel able to say that they had no injurious effect on the appellant's case. Post v. Brooklyn Heights R. Co., 195 N. Y. 62, 87 N. E. 771. The request to charge that the jury might infer that the testimony of the absent surgeon would have been unfavorable to the plaintiff was not strictly accurate and might have misled the jury. It was not for the court to rule as matter of law that the jury might properly draw such an inference. On the contrary, it was at best for the jury to say whether on all the facts of the case they could and would do so. All that the court could properly charge was that they were at liberty to draw such an inference if, all considered, they thought it a fair inference. It was not for the court to say outright that the case was such that they could draw it. That was for them to say. And what the court charged was substantially correct, namely, that when a party fails to call a witness who could aid his case, the jury may take that fact into consideration

"in weighing all the other testimony in the case." This is really the rule in substance. Reehil v. Fraas, 129 App. Div. 563, 114 N. Y. Supp. 17. The phrase, "who might aid her case," might easily be made too much of in a critical mood. To be sure, the whole point of the omission to call the witness is because he could not "aid her case," but the meaning of the learned trial judge was who might aid her case if he could truthfully testify that way—and he was well understood by the jury. We cannot be too fine in such matters without doing injustice. The refinement of justice is often injustice.

The judgment should be affirmed.

Judgment and order of the County Court of Westchester county affirmed, with costs. RICH and MILLER JJ., concur. BURR, J., concurs in result. HIRSCHBERG, P. J., dissents.