JULIUS TREUHAFT, an Infant, by HATTIE TREUHAFT, His Guardian ad Litem, Respondent, v. MORITZ BENDER and FLORA BENDER, Copartners, Doing Business under the Firm Name and Style of S. & M. BENDER, Appellants.

Second Department, November 12, 1920.

**Trial — charge — presumption arising from failure to call material witness — failure of infant plaintiff to testify.**

In an action to recover damages for injuries to a boy nine years old who was struck and .rendered unconscious by the defendant's automobile, it was proper for the court to charge in effect that the failure of a party to a civil action to produce a material witness may generally be taken by the jury as *indicating that the testimony of such witness would not be* favorable, but the court properly refused to charge that the failure of said infant plaintiff to take the stand indicated that his testimony would be unfavorable to his own case.   It was not error for the court to instruct the jury that they might consider the boy's age and the circumstances surrounding the accident.

MILLS, J., dissents.

APPEAL by the defendants, Moritz Bender and another, from a judgment of the Supreme Court in favor of the plaintiff, rendered on the 8th day of March, 1920, and entered in the office of the clerk of the county of Kings, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 9th day of March, 1920, denying defendants' motion for a new trial made upon the minutes.

*Edwin M. Otterbourg,* for the appellants.

*Gilbert D. Steiner,* for the respondent.

PUTNAM, J.:

This action was by a boy nine years old. While crossing Broadway, Brooklyn, on April 6, 1918, he was struck by defendants' automobile, which dragged him a considerable distance. When picked up he was breathing and unconscious. He was not put on the stand at the trial. After the charge defendants' counsel made the following requests: Defendants' Counsel: " I ask your Honor to charge the jury that in considering the evidence in this case they may not only consider the witnesses who have appeared here, but the witnesses who have not appeared here, and they may take into consideration the fact that the boy to whom this accident is alleged to have happened was not called to testify in his own behalf." The Court: " They have a right to consider that. I so charge." Defendants' Counsel: " I ask your Honor to charge the jury, as a matter of law, that when a party to an action is able to produce a witness material to the case, and he does not produce him, the failure to produce that witness may be taken by the jury as indicating that the testimony of such a witness would not be favorable to that party." The Court: " I so charge, where it appears that the plaintiff was able to produce the witness." Plaintiff's Counsel: " In connection with that, I ask your Honor to charge that it does not appear that there was any witness that the plaintiff was able to produce that he did not produce." The Court: " I cannot charge that." Defendants' Counsel: " The failure of the plaintiff's counsel to produce the boy as a witness may be taken by the jury to indicate that the testimony of the boy would be unfavorable to his own case." The Court: " I refuse to so charge. The jury may consider the boy's age and the circumstances surrounding the accident." Defendants' Counsel: " Exception."

The court had stated the effect of not calling a witness as favorable to defendants as they were entitled. (*Reehil* v. *Fraas*, 129 App. Div. 563; *Neale* v. *Nassau Electric Railroad Co.*, 161 id. 95; *Perlman* v. *Shanck*, 192 id. 179, 182, 184.)

When, however, counsel asked an instruction regarding the omission to call this infant to the witness stand and to apply the general rule for an adult plaintiff, the court declined, but left the jury to consider the boy's age and the circumstances of his accident, with the probability of his inability to describe

so sudden a blow, which made him unconscious. In this I think there was no error. This last charge is criticised in that the jury were not told how they should consider the boy's not being called. But the prior instructions had made this clear. As this court said in a like case: " We can not be too fine in such matters without doing injustice. The refinement of justice is often injustice." (*Wade* v. *City of Mount Vernon*, 133 App. Div. 389, 391.) .

I advise that the judgment and order be affirmed, with costs.

Rich and Kelly, JJ., concur; Jenks, P. J., concurs in separate opinion; Mills, J., is of opinion that the defendants' exception to the refusal to charge is reversible error.

Jenks, P. J. (concurring):

In consideration of the entire record of the thing discussed by my brother Putnam, J., I think that in any event there is no capital error. (See *Post* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 62.)

I concur. However, I state my opinion that the rule of *Bleecker* v. *Johnston* (69 N. Y. 309) still obtains in full force. The general principle is stated in Wigmore on Evidence (Vol. 1, § 285). The case has been cited in many judgments. *Schwier* v. *N. Y. C. & H. R. R. R. Co.* (   N. Y. 558) is an instructive instance of the application of the rule. In that case the court, speaking of the knowledge of the engineer that the boy was beneath the tender, say: " If the engineer had not this knowledge — if these inferences were not well founded, they could have been removed by his testimony. It was not given, and while the omission to call the engineer as a witness is not evidence against the defendant of the existence of any fact, it is cause for taking such testimony as is in the case — and which, if untrue, he might have contradicted or explained — most strongly against it."

Judgment and order affirmed, with costs.