(June 4, 1985)

■ Sisters of Saint John the Baptist et al., Respondents, v Phillips R. Geraghty Constructor, Inc., Appellant. — Order, Supreme Court, New York County (Callahan, J.), entered May 1, 1984, granting petitioners' application to stay arbitration, is affirmed, without costs.

The issue presented is whether Special Term properly stayed arbitration on the ground that the subject matter of this dispute — extra work performed without written authorization — is one which the parties had agreed to submit to arbitration. Unless an arbitration agreement expressly and unequivocally covers the topic of the particular dispute, a party will not be considered to have chosen to forego the right to seek judicial relief. (*Bowmer v Bowmer,* 50 NY2d 288, 293-294 [1980].) "Basically the courts

perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration." (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96 [1975].)

The contract at issue is a limited construction contract for a stipulated sum. Although the stipulated sum was $592,000, the contract also provided that the total contract price, including changes, should not in any event exceed $700,000. Respondent had been paid the sum of $631,431, and had completed less than 50% of the work, when a dispute developed. Respondent submitted a claim for $310,068.25 for extra work performed and materials supplied. While the architect had directed the work, no written change order had been signed by the owner and the architect authorizing it pursuant to article 18 of the contract. Respondent filed a notice of intention to arbitrate dated January 13, 1984. Respondent appeals from the order of Special Term granting petitioner's application for a stay of arbitration.

This dispute is not arbitrable, because it concerns work unrelated to the contract documents — the original contract and work change orders. The arbitration clause of the construction contract was expressly limited to claims "arising out of, or relating to, the contract documents or breach thereof." Article 7 of the contract defined the contract documents to include, *inter alia,* the agreement, drawings, specifications and all modifications issued by the architect such as change orders, written interpretations and written orders. The contract also provided that changes in the work "shall be authorized by written change order, signed by the owner and the architect." By its unequivocal reference to "contract documents," the arbitration clause evidenced petitioner's intent to submit for arbitration only those disputes susceptible of resolution on the basis of documentary evidence. Where, as here, the terms of the arbitration clause are clear and unambiguous, there is no room for interpretation. (4 Williston, Contracts § 611, at 554 [3d ed].) Indeed, respondent's claim, as stated in the notice of intention to arbitrate, is concededly for extra labor performed and materials supplied "outside the scope of the * * * agreement."

Respondent's reliance upon *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. (supra,* at p 96) as authority for its position that the instant dispute is arbitrable is misplaced. While *Nationwide (supra,* at p 94) also involved the threshold issue of the arbitrability of a dispute concerning the scope of an agreement, the arbitration clause there expressly covered any dispute " 'touching the construction, meaning or effect of th[e] Agreement' ". In contrast, the arbitration clause at issue does not

encompass disputes concerning interpretation or construction, and is limited to those disputes related to contract documents, or the breach of the contract. The statement in *Nationwide* that an inquiry as to arbitrability ends with the ascertainment of a reasonable relationship between the subject matter of the dispute and contract must be read with reference to the language of the arbitration clause in that case. Neither the apparent boilerplate nature of the arbitration clause at issue, nor the contingency provision of the contract for necessary additional work, justifies a broad construction which would effectively rewrite the terms of the arbitration agreement. (*Compare, Bowmer v Bowmer, supra,* at p 294.) Concur — Murphy, P. J., Carro, Bloom and Rosenberger, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the order by Special Term granting petitioners' application for a stay of arbitration should be reversed.

On September 8, 1982, petitioners, The Sisters of St. John the Baptist (the owner), and respondent, Phillips R. Geraghty Constructor, Inc. (the contractor), entered into a construction agreement for a total contract price, "including changes in the scope of the work, in no event to exceed $700,000". Pursuant to this agreement, the parties consented to submit to arbitration "[a]ll claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof". Thereafter work proceeded on the project, and the contractor periodically presented bills to the architect for payment. However, a dispute eventually arose over cost overruns, and the owner refused to pay any additional sums, contending that there were no change orders or any other agreements which would authorize the contractor to collect more than the $700,000 ceiling price. According to petitioners, when the contractor abandoned the building site, less than 50% of the proposed work had been completed, although respondent had already received $631,431.75 for labor and materials. The contractor subsequently served upon the owner a notice of intention to arbitrate, demanding payment of $310,068.25. The owner responded by commencing the instant petition seeking to stay arbitration. In granting the application for a stay of arbitration, Special Term concluded that the "contract was of limited Scope and at Stipulated Sum. Respondent admits the arbitration is sought for extra work outside the scope of the agreements * * * In this instance, the disputes or claims do not arise out of the Contract but pertain to extra work outside the scope of the Agreement and the arbitration clause contained therein."

It is well established that the public policy of this State "favors and encourages arbitration as a means of conserving the

time and resources of the courts and the contracting parties." (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95.) In the present situation, there is no question that the parties herein made a valid agreement to arbitrate, nor is there any assertion by petitioner that a condition precedent has not been met. Thus, the only issue before us is whether the claim which respondent is endeavoring to arbitrate comes within the scope of the agreement. In that regard, the arbitration clause involved appears to have been the standard form of the American Institute of Architects for construction projects of limited scope where the basis of payment is a set amount. It is extremely broad in wording and contemplates that "all claims or disputes arising out of, or relating to," the contract be referred to arbitration. Moreover, the agreement expressly encompasses not merely the drawings, specifications and conditions adopted prior to the execution of the contract, but all modifications, such as change orders and written interpretations, subsequently issued by the architect. It also states that the intent of the contract is to include all items necessary for the proper execution and completion of the work and provides for the owner to "order Changes in the Work consisting of additions, deletions, or modifications, the Contract Sum and the Contract Time being adjusted accordingly." While the agreement is, therefore, for a stipulated sum, it does envision the possibility of alterations or modifications in the work orders. Certainly, all the construction performed by the contractor was done in connection with the completion of the project (the conversion of an antiquated structure into a modern, habitable building), and the dispute concerns work undertaken pursuant to the contract and changes authorized in accordance with that contract. Under these circumstances, it cannot be reasonably found that there is no relationship between the subject matter of the dispute and the general subject matter of the underlying agreement. (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., supra,* at p 96.) Since respondent's claim is clearly related to the contract, Special Term was not warranted in granting the stay of arbitration.