Robert ESCALERA, Petitioner,

v.

Philip COOMBE, Superintendent of Eastern Correctional Facility, Respondent.

No. CV–85–1698.

United States District Court, E.D. New York.

Sept. 7, 1988.

Peter J. Avenia, Gambiner & Avenia, New York City, for petitioner.

Leonard Joblove, Asst. Dist. Atty., Kings County, Brooklyn, N.Y., for respondent.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

The petitioner moves for an order granting his release on bail from the Tappan Correctional Facility, pending the disposition of his habeas corpus petition on re-

mand from the Court of Appeals for the Second Circuit. By an order and opinion dated August 13, 1987, the Second Circuit reversed this court's dismissal of the petition, directing this court to grant the habeas corpus petition unless the state conducted a new *Wade* hearing and trial within sixty days. *Escalera v. Coombe,* 826 F.2d 185 (2d Cir.1987). In light of its decision in *Taylor v. Illinois,* —— U.S. ——, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), the Supreme Court vacated the judgment of the Second Circuit and remanded the case for further consideration. The Second Circuit then reaffirmed portions of its first decision and remanded the case to this court for an evidentiary hearing to determine whether the petitioner's criminal trial counsel acted wilfully in failing to give the state timely notice of an alibi witness. If this court decides that the lawyer did act wilfully, it must then hold a new *Wade* hearing regarding the circumstances surrounding the photographic identification of the petitioner by two eyewitnesses to the crime for which the petitioner is incarcerated. Otherwise, this court must follow the Second Circuit's direction and grant the petition unless the state conducts a new *Wade* hearing and trial within sixty days.

The court has the authority to grant bail if "the habeas petition raised substantial claims and . . . extraordinary circumstances existed that make the grant of bail necessary to make the habeas remedy effective." *Iuteri v. Nardoza,* 662 F.2d 159, 161 (2d Cir.1981). The parties agree that the criteria set forth in *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), apply to this case. *See U.S. v. Smith,* 835 F.2d 1048, 1050 (3d Cir.1987) (applying the *Braunskill* criteria to the denial of a motion for bail pending the disposition of habeas corpus petition). *Braunskill* concerned the State of New Jersey's request for a stay of a petitioner's release pending its appeal of the district court's decision to grant the writ of habeas corpus.

The criteria that *Braunskill* formulated are the same as those that regulate the issuance of a stay pending appeal under Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a), namely:

(1) whether the bail applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent bail;

(3) whether release on bail will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

The parties agree that in this case the first factor—a strong showing of likelihood of success on the merits—is dispositive of the petitioner's application. The petitioner, however, has not made a strong showing that he is likely to succeed on the merits by obtaining his release with the writ of habeas corpus. It is unlikely that the petitioner's trial counsel will testify that he wilfully withheld notice of the alibi witness. Nevertheless, the petitioner must prove by the preponderance of the evidence that his trial lawyer's conduct was not wilful. *See Harned v. Henderson,* 588 F.2d 12, 22 (2d Cir.1978) (petitioner has the burden of proving the validity of his constitutional claims). As noted by this court in its initial disposition of this petition, the lateness itself of the trial lawyer's notice of an alibi witness may indicate bad faith on the lawyer's part. *Escalera v. Coombe,* 652 F.Supp. 1316, 1324 (E.D.N.Y.1987). Furthermore, even if the petitioner prevails at this stage of the proceedings, or if not, upon a new *Wade* hearing, the state represents that it will retry the petitioner. The Second Circuit has directed this court to provide the state with an opportunity to retry the petitioner before granting the writ. Therefore, the petitioner also must undergo a second trial and be found not guilty in order to procure his release.

Accordingly, the petitioner's application for bail pending the disposition of his petition for a writ of habeas corpus is denied as he has not made a strong showing that he is likely to succeed on the merits of that petition.

SO ORDERED.