■ JANE K. RUTTENBERG, Respondent, v DAVID A. RUTTENBERG, Appellant.—Order of the Supreme Court, New York County (Burton Sherman, J.), entered May 24, 1989, which granted plaintiff Jane K. Ruttenberg the entire increase in value of the marital residence subsequent to January 1980,

unanimously reversed, on the law, without costs, and the parties directed to divide the proceeds of the sale of the cooperative apartment as follows: plaintiff to receive one half the sale price plus credit for the reduction in the mortgage after January 1980 and defendant to receive one half the sale price less the amount of reduction in the mortgage after January 1980, all distributions net of closing costs and expenses.

The subject premises, a cooperative apartment, was purchased in June 1973 for a price of $85,000 financed by a loan of $25,000 and a mortgage. The $8,500 down payment was made by Jane Ruttenberg's father. Defendant David A. Ruttenberg made payments on the mortgage until he left voluntarily in January 1980. In the action for divorce, the issue of disposition of the apartment was referred to a Special Referee, whose report was in part confirmed in an order filed January 21, 1983. This order provides for occupancy of the marital residence by plaintiff until her youngest child from a previous marriage attained the age of 18 or became emancipated, at which time the apartment was to be sold. The order states that "the proceeds shall be divided equally between the parties up to January, 1980 as to the equity balance, and plaintiff is to be credited for the increased equity up to the date of sale, (i.e., that defendant's share of the proceeds of the sale shall be reduced only by such amounts paid by plaintiff subsequent to January, 1980 in reduction of the cooperative apartment mortgage loan with the Bowery Savings Bank)". The order was affirmed by this court without opinion on May 21, 1985 (*Ruttenberg v Ruttenberg,* 111 AD2d 603).

In January 1989, plaintiff wife sought the order under review which determined that she is entitled to one half the value of the apartment as of January 1980 plus the entire increase in its value since that time until the date of sale plus all payments made by her on the mortgage. Defendant husband contends that the appropriate interpretation of the 1983 order is that the parties share equally in the value of the apartment subject to a credit in favor of the wife for any reductions in the mortgage principal since January 1980.

The order filed January 21, 1983 makes it clear that the parties will share equally in the price received for the apartment and that "defendant's share of the proceeds of the sale shall be reduced only by such amounts paid by plaintiff subsequent to January, 1980 in reduction of the cooperative apartment mortgage loan". Its plain meaning is not susceptible to the construction asserted by plaintiff wife. Nor are the

terms of the order, previously affirmed on appeal, subject to attack at this late date. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.