■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD EDWARDS, Appellant.—Judgment of the Supreme Court, Bronx County (George Covington, J.), rendered September 9, 1988, convicting defendant, after trial by jury, of robbery in the third degree and sentencing him, as a predicate felon, to a term of 3½ to 7 years, is unanimously affirmed.

Elena Arroyo testified she observed defendant in the elevator of her apartment building. Upon arriving at her floor, she exited with her two-year-old baby and 11-year-old sister, Dellel. Defendant pushed Elena Arroyo's baby against the wall and grabbed Elena's bags, which contained her personal belongings. The complainant identified defendant in a lineup thereafter, and at trial.

After giving a missing charge, over the People's objection, to which the defendant did not object, the court added an addendum: "But if the child is a child of tender years, as is the case here, you the Jury are instructed to consider that child's age, as well as the circumstances surrounding the alleged event, in deciding the impact, if any, of the People's failure to call the eleven-year-old child to testify."

Defendant's contention that this "tender years" addendum constituted reversible error is without merit. Initially, it is not entirely free from doubt whether defendant was entitled to this missing witness charge. A party seeking such a charge must show that the witness is "knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called [her], and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427). The trial record and police report reflect that Dellel was concerned with her broken bicycle during the elevator ride and, upon exiting, went on ahead, still preoccupied with the bicycle, casting doubt on whether she was "knowledgeable" concerning the identification issue.

Further, defendant now contends that the term "tender years" is synonymous with a lack of testimonial capacity by

reason of age and that, therefore, the court engrafted an age limitation on the missing witness charge, improperly diluting the inference. However, this theory was not raised before Criminal Term and has, therefore, not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Kinchen,* 60 NY2d 772). In any event, there was no error in the court's inclusion of the "tender years" addendum under the circumstances herein, and the civil cases cited by defendant support rather than discredit its use *(see, Crosby v Beaird,* 93 AD2d 852; *Treuhaft v Bender,* 193 App Div 666, *affd* 233 NY 556).

Defendant's contention that Criminal Term erred in redacting portions of Police Officer Annicelli's memo book with respect to the description of the defendant given by the complainant, on the ground that the officer had made a mistake when he transcribed her statement, is without merit. All alleged discrepancies between the victim's trial testimony and her original descriptions of defendant given to the police were fully presented to the jury and there was, therefore, no prejudice to the defendant.

In addition, a proper foundation was not laid for the introduction of the memo book into evidence, and exclusion of it or, a fortiori, of a portion of it, even if error, was harmless *(see, People v Duncan,* 46 NY2d 74, 81). Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.