OPINION OF THE COURT
Joseph Fisch, J.
Defendant was indicted for the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. At trial the People’s case presented a typical "buy-and-bust” scenario wherein this defendant participated with another individual in the sale of heroin to an undercover police officer.[1] The sale took place in front of the apartment building in which defendant lived. The arrest of defendant and the other individual also took place at the same location within minutes of the transaction. After the People rested upon their direct case, defendant took the stand. He testified that on the date in question he was in his apartment with his 10-year-old son who had returned home from school. He further testified that he left the apartment to buy soda for his son and, upon reaching the lobby, saw what he thought to be police activity directly in front of the building. He waited, smoked a cigarette in the lobby for some 10 minutes to avoid the police activity, then proceeded to the sidewalk where he was arrested. The defense rested after defendant testified and the People rested immediately thereafter. A presummation conference concerning the charge was then held outside the presence of the jury, after which the case was adjourned until the following day. The next morning, immediately before summations began, the People moved to strike defendant’s testimony as constituting an alibi for which no notice had been given, and, additionally, sought a missing witness charge with respect to defendant’s son. The court denied both applications for reasons set forth herein.
THE APPLICATION TO STRIKE DEFENDANT’S TESTIMONY
Alibi is a shorthand description for a defense that a defendant was elsewhere when the alleged offense took place. The court finds that defendant’s testimony does constitute an alibi defense in that he asserted that at the time of the commission of the crime charged he was at some place or places other *479 than the scene of the crime. (CPL 250.20.) Defendant’s narrative placed him inside the apartment building, indeed, inside his apartment at the time the sale of heroin took place. No notice of alibi had been given.
CPL 250.20 requires that the defense provide the People with a "notice of alibi” within eight days of timely demand. Such notice must state where the defendant claims to have been at the relevant time. Along with other information, the name of "every such” witness to be used in establishing the alibi must be set forth. (CPL 250.20 [1] [b]; emphasis added; compare, e.g., Fla Rules of Crim Pro 3.200 [providing that upon failure of notice alibi evidence may be excluded "except the testimony of the defendant himself’]; see, White v State, 356 So 2d 56, 57 [Fla 1978]; similarly, Pa Rules of Crim Pro 305 [C] [1] [d]; see, Commonwealth v Hernandez, 333 Pa Super 279, 482 A2d 567 [Pa 1984].) The Criminal Procedure Law provides for exclusion of alibi testimony of a witness not so listed. The court in its discretion may receive such testimony, but must, upon proper application, grant the People an adjournment not in excess of three days.
The constitutionality of "notice of alibi” statutes providing for reciprocal disclosure has been upheld by the United States Supreme Court. "Notice-of-alibi rules, now in use in a large and growing number of States, are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial. See, e.g., Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth?, 1963 Wash. U.L.Q. 279; American Bar Association Project on Standards for Criminal Justice, Discovery and Procedure Before Trial 23-43 (Approved Draft 1970); Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149 (1960). The growth of such discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system.” (Wardius v Oregon, 412 US 470, 473-474 [1973].) In Williams v Florida (399 US 78, 81-82 [1970], quoted in Taylor v Illinois, 484 US 400, 412, n 17 [1988]), the Supreme Court stated: "Given the ease with which an alibi can be fabricated, the State’s interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substan *480 tial number of States. The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as 'due process’ is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.”
In the instant case, New York’s statutory "notice of alibi” rule conflicts with defendant’s right to personally testify. This is a case of first impression under New York’s current Criminal Procedure Law.[2] While the Court of Appeals addressed this issue in 1942 (People v Rakiec, 289 NY 306), a different statute was involved with language which does not appear in the Criminal Procedure Law. In Rakiec, the Court of Appeals resolved the conflict on statutory construction grounds and refused preclusion of a defendant’s own testimony. In a unanimous opinion written by Judge Conway, that court found that the 1935 passage of section 295-Z of the Code of Criminal Procedure — predecessor of current CPL 250.20 — did not supplant section 393 of that Code. Section 393, originally enacted in 1869 (L 1869, ch 678), in pertinent part provided, " 'The defendant in all cases may testify as a witness in his own behalf ” (People v Rakiec, supra, at 309; emphasis added). The Rakiec court ruled, "It is a sound rule of construction that in the absence of express language, it will be presumed that the Legislature did not intend to defeat the main purpose and object of another legislative enactment relating to the same subject * * * nor to make a radical change in long-established rules.” (Supra, at 309.)
The 1970 enactment of CPL 60.15 as successor to Code of Criminal Procedure § 393 effected a noteworthy change. The new statute states, "A defendant may testify in his own behalf’. (CPL 60.15 [2].) The Legislature thus eliminated the *481 significant phrase " 'in all cases’ ” which the Court of Appeals had taken pains to emphasize in its holding in Rakiec (supra, at 309), and, in doing so, called into question Rakiec’s continued application. Even were Rakiec no longer applicable, however, this court would reach the same result. This court holds it constitutionally impermissible to enforce generally New York’s "notice of alibi” statute against a defendant by precluding or striking a defendant’s own testimony. (Walker v Hood, 679 F Supp 372, 381 [SD NY 1988], affd 854 F2d 1315 [2d Cir 1988][3] [granting writ of habeas corpus where, based upon lack of notice, trial court in its charge instructed the jury to "disregard” defendant’s own alibi testimony], citing Alicea v Gagnon, 675 F2d 913 [7th Cir 1982]; see, United States ex rel. Robinson v McGinnis, 593 F Supp 175 [CD Ill 1984]; also, People v Hampton, 696 P2d 765 [Colo 1985]; contra, State v Burroughs, 117 Wis 293, 344 NW2d 149 [1984].)
It now is well settled that a defendant has the right to testify on his own behalf. Such right flows from the Compulsory Process Clause of the 6th Amendment and the due process requirements of the 5th Amendment applied to the States through the 14th Amendment, and finds additional support in the 9th Amendment. This right applies not only to total preclusion, but also to restriction of the scope of noncumulative, relevant testimony. "Not to be deprived of liberty without due process of law under the Fifth Amendment includes the right to a fair adversary process, a part of which is the right to be present and to take the witness stand in one’s own defense. The right to testify on one’s own behalf is also derived from the compulsory process clause of the Sixth Amendment. That Amendment, directed generally to the rights of the accused, includes an accused’s right to call 'witnesses in his favor.’ Logically included within the right to call any witness is the accused’s right to testify himself should he possess evidence in favor of the defense. That this unmentioned right is a constitutional one is further fortified by the rule of construction contained in the Ninth Amendment. . . . The full scope of the specific guarantees is not limited by the text, but embraces their purpose to provide broad freedom *482 from all 'arbitrary impositions and purposeless restraints.’ ” (Walker v Hood, supra, at 376, quoting United States v Bifield, 702 F2d 342, 349 [2d Cir], cert denied 461 US 931; Alicea v Gagnon, supra.) "[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, [a State evidentiary rule] may not be applied mechanistically to defeat the ends of justice.” (Chambers v Mississippi, 410 US 284, 302 [1973].) A defendant’s right to adduce evidence to defend against a State’s accusations is not absolute, however. Substantial State interest in the orderly administration of justice and enforcement of procedural and evidentiary rules may overcome the claims of defendant. In this instance though, this court finds no State interest in enforcing the "notice of alibi” rule sufficiently compelling as to override the defendant’s personal right to testify concerning his own alibi. While the People have legitimate interest in preventing the truly guilty from escaping justice by means of fabricated alibis, such interest is scarcely promoted by preclusion of a defendant’s own constitutionally protected testimony for failure to give notice. "Notice of alibi” statutes serve to prevent surprise, not as punishment for technical errors or omissions. (Alicea v Gagnon, supra; see, Escalera v Coombe, 826 F2d 185 [2d Cir 1987], cert granted and judgment vacated on other grounds 484 US 1054 [1988], on remand 852 F2d 45 [2d Cir 1988], on remand 697 F Supp 120 [ED NY 1988]; Ronson v Commissioner of Correction, 604 F2d 176 [2d Cir 1979]; United States ex rel. Enoch v Hartigan, 768 F2d 161 [7th Cir 1985], cert denied sub nom. Lane v Enoch, 475 US 1053 [1986].) The court notes that the People here did not seek to mitigate any prejudice by application for a mandatory adjournment to pursue further investigation. (Walker v Hood, supra; Escalera v Coombe, supra; Ronson v Commissioner of Correction, supra; Alicea v Gagnon, supra; CPL 250.20 [3].) Such adjournment may well have allowed the People to overcome any element of surprise, while avoiding violation of defendant’s right to testify in his own behalf.
The court emphasizes that there is no suggestion in the instant matter of intentional and willful suppression of alibi notice motivated by a desire to obtain a tactical advantage or to conceal a plan to present fabricated testimony. Were such the case, a different result would obtain. "A trial judge may certainly insist on an explanation for a party’s failure to comply with a request to identify his or her witnesses in advance of trial. If that explanation reveals that the omission *483 was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent with the purposes of the Compulsory Process Clause simply to exclude the witness’ testimony.”[4] (Taylor v Illinois, 484 US 400, 415 [1988]; Alicea v Gagnon, 675 F2d, supra, at 925 ["Perhaps there are situations where preclusion is a necessary sanction, such as a defendant’s intentional suppression of alibi evidence to gain tactical advantage”, in context of defendant as alibi witness]; Walker v Hood, supra, at 381, n 10 [discusses preclusion where a violation is "willful and motivated by a desire to obtain a tactical advantage or to conceal a plan to present fabricated testimony”, citing Taylor v Illinois, supra, and Alicea v Gagnon, supra, in context of defendant as alibi witness]; United States ex rel. Enoch v Hartigan, supra, at 163 ["evidence of bad faith” a factor to be considered before sanction of witness preclusion]; see, Escalera v Coombe, 484 US 1054 ["vacated, and * * * remanded * * * in light of Taylor v. Illinois”], on remand 852 F2d 45 [2d Cir 1988], on remand 697 F Supp 120 [ED NY 1988], supra; Baxter v State, 522 NE2d 362 [Ind 1988], petition denied sub nom. Baxter v Duckworth, 761 F Supp 576 [ND Ind 1989], affd 927 F2d 607 [7th Cir 1991].) This court notes that the Supreme Court in Taylor v Illinois (supra, at 417) determined that "[r]egardless of whether prejudice to the prosecution could have been avoided” by a lesser penalty, where defendant deliberately withheld notice under circumstances described above "the severest sanction [wa]s appropriate.” (See also, Michigan v Lucas, 500 US —, 114 L Ed 2d 205 [1991].)
Accordingly, the application to strike defendant’s testimony is denied.
THE REQUEST FOR A MISSING WITNESS CHARGE
The People’s request for a missing witness charge concerning defendant’s son has substantial merit.[5] Defendant’s testimony concerning his presence at home when the heroin was *484 sold elsewhere indicated that his son would be knowledgeable about a material issue in the case, would naturally be expected to provide noncumulative testimony favorable to defendant, and would be available to the defendant. Thus, in the absence of any defense demonstration that the disputed witness was in fact "unavailable” or outside of defendant’s "control”, a missing witness charge would be appropriate.[6] (People v Gonzalez, 68 NY2d 424 [1986]; People v Lopez, 165 AD2d 773 [1st Dept 1990].)
However, the party seeking such charge must promptly notify the court "so that the court can appropriately exercise its discretion and the parties can tailor their trial strategy to avoid 'substantial possibilities of surprise’ ”. (People v Gonzalez, supra, at 428, quoting McCormick, Evidence § 272, at 806 [3d ed].) It was incumbent upon the People to raise this issue as soon as practicable following defendant’s direct testimony, rather than waiting until immediately before summation the following morning. Such an untimely request put the defense at a great disadvantage. Had the issue been timely raised, defendant would have had opportunity to call the witness as his own, make the witness available to be called by the People had the People then chosen to do so, or place before the jury some explanation for the witness’ absence. (People v Gonzalez, supra; People v Bennett, 175 AD2d 251 [2d Dept 1991]; People v Waldron, 154 AD2d 635 [2d Dept 1989]; People v Boyajian, 148 AD2d 740 [2d Dept 1989]; People v Watson, 134 AD2d 729 [3d Dept 1987], lv denied 70 NY2d 961 [1988].)
Accordingly, the application for a missing witness charge is denied.

. Defendant was convicted by jury.

. While People v Cuevas (67 AD2d 219 [1st Dept 1979]) at first glance may appear directed to this issue, the question of defendant’s personal right to give alibi testimony without notice was not raised. Cuevas addressed defendant’s right to name in his own testimony individuals with whom he claimed to have been, even if they were not disclosed in a "Notice of Alibi”.
Whether or not those individuals had been properly precluded as witnesses was also at issue. They were alleged to have been with defendant Cuevas at a time shortly after the commission of the crime. Therefore, the Appellate Division found they were not alibi witnesses for whom notice was required.

. As People v Walker, on direct appeal this case was affirmed without opinion by the Appellate Division (111 AD2d 603 [1st Dept 1985]). Leave to appeal was denied by the Court of Appeals. In considering this case on a writ of habeas corpus, the District Court determined the "Appellate Division’s affirmance rested on the adequate and independent state procedural ground and not on the merits.” (Walker v Hood, supra, at 380, n 8.)

. There is no 5th Amendment constitutional right to withhold disclosure of alibi until the end of the prosecution’s case. (Williams v Florida, 399 US 78, cited in Taylor v Illinois, supra.)

. Of course, had defendant sought to introduce his son’s alibi testimony, the People then may have sought preclusion based upon lack of notice. (CPL 250.20.) The issue would have been separate and distinct from that of striking defendant’s own testimony.

. Were the court to have granted requested missing witness charge concerning defendant’s now 12-year-old son, the following language would have been included: " 'But if the [witness] is a child of tender years, as is the case here, you the Jury are instructed to consider that child’s age * * * in deciding the impact, if any, of [defendant’s] failure to call that [12]-year-old child to testify.’ ” (People v Edwards, 161 AD2d 151 [1st Dept 1990].)