■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO GUEVARA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 17, 1989, convicting him of burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's *Sandoval* ruling, permitting the prosecutor to inquire as to the nature of two prior convictions and as to the underlying facts of two other convictions, deprived him of the opportunity to testify and deprived him of a fair trial.

We disagree. It is well settled that "the exclusion of prior

convictions is largely, if not completely, a matter of discretion which rests with the trial court" *(People v Shields,* 46 NY2d 764, 765; *see, People v Duffy,* 36 NY2d 258, *amended* 36 NY2d 857, *cert denied* 423 US 861). In determining the extent to which an accused may be cross-examined concerning previous convictions "[t]he People's interest in exploring the veracity of a witness, including an accused, must be balanced against the risk that the presumption that a defendant is innocent may go by the board solely because of the jury's natural tendency to conclude, despite limiting instructions, that a defendant who has committed previous crimes is either the kind of person likely to have committed the crime charged or is deserving of punishment in any event" *(People v Davis,* 44 NY2d 269, 274). The record in this case establishes that the trial court weighed the probative value of each conviction against its prejudicial effect and properly exercised its discretion in making the *Sandoval* rulings.

Finally, we find that the remarks made by the prosecutor during the summation did not deprive the defendant of a fair trial. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.