■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO MEDINA, Appellant.—Judgment, Supreme Court, Bronx County (John Collins, J.), rendered October 31, 1989, convicting defendant after jury trial of two counts of murder in the second degree and one count of attempted murder in the second degree and sentencing him to concurrent terms of imprisonment of from 25 years to life on each murder count and from 8⅓ to 25 years on the attempted murder count, unanimously affirmed.

Evidence adduced at trial was that defendant and two unapprehended individuals forced their way into a Bronx apartment, held four women and four children at bay with guns until the husbands of two of the women arrived, and shot at the two men (killing one and wounding the other) when their efforts to find drugs were unsuccessful. Defendant was identified as one of the intruders by three of the adults, both at pre-trial lineups and at trial, and his fingerprints were found on a clothes hamper in the ransacked apartment.

Defendant did not make appropriate and timely objection to the trial court's charge on the presumption of innocence and thus has failed to preserve the issue for appellate review as a matter of law (CPL 470.05; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). In any event, the trial court properly instructed the jury in detail regarding the presumption of innocence and the reasonable doubt standard. Specifically, the court charged that defendant was not required to prove his innocence, that the People had the burden of proving beyond a reasonable doubt each and every element of any crime charged, that the burden of proof never shifts to the defendant, and that a reasonable doubt required an acquittal. Contrary to defendant's claim on appeal, in this context the trial court's isolated comment that a defendant is presumed innocent "until the contrary is proved" did not serve to convey to the jurors any opinion by the court that a verdict of guilt would be the outcome of the case, or to compromise defendant's due process rights. Rather, the court's charge, considered as a whole, conveyed the appropriate standards *(see, e.g., People v Thomas,* 50 NY2d 467). Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.