■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MELENDEZ, Appellant. [613 NYS2d 395] —Judgment, Supreme Court, New York County (Bruce Allen, J.) rendered July 24, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

In this buy and bust operation, the undercover officer approached defendant, who said "I've got TNT. How many do you need?". The officer responded "if the stuff is kicking, give me two". Defendant then gave the undercover officer two glassines marked with the logo "TNT", in exchange for $20 in buy money. After the undercover officer's "ghost" watched defendant then interact with three or four people behind him, he then arrested defendant. The undercover officer confirmed the identification moments later. Defendant has failed to preserve his challenge to the "reasonable doubt" phrasing in the Allen charge (People v Medina, 178 AD2d 177, lv denied 79 NY2d 950; People v Bowman, 194 AD2d 379, lv denied 82 NY2d 714). Since the court's instructions as a whole conveyed the appropriate principles of law (People v Medina, supra), we decline to review in the interest of justice. Defendant also failed to preserve his challenge to the court's summary of the evidence (People v Williams, 190 AD2d 590, lv denied 81 NY2d

1021), and we decline to review in the interest of justice. If we were to review, we would note that the marshalling of the evidence was neither unbalanced nor unfair (CPL 300.10 [2]; *People v Bacchus,* 183 AD2d 720, *lv denied* 80 NY2d 828).

Defendant also has failed to present an adequate record in support of his claim that the court failed to conduct a pre-voir dire oath as to certain prospective jurors in violation of CPL 270.15 (1). The record does not indicate whether or not an oath was administered to certain of these jurors; it does indicate that the oath was administered to all other prospective jurors. We note, however, that defense counsel failed to draw the court's attention to the purported error, failed to preserve a record of the purported error, and, in fact, even explicitly expressed satisfaction with these potential jurors. The claim is therefore unpreserved *(People v Morales,* 168 AD2d 85, 87).

Similarly, defendant has failed to present an adequate record in support of his claim that he was absent during certain bench conferences during the voir dire. The record is silent with respect to whether the defendant was present during these specified conferences. In any event, since this trial preceded the ruling in *People v Antommarchi* (80 NY2d 247), which is not retroactively applied *(People v Mitchell,* 80 NY2d 519), reversal would not be warranted.

We have considered defendant's remaining contentions and find them to be unpreserved or without merit. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.