■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STITH, Appellant. [627 NYS2d 717] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered January 13, 1994, convicting him of kidnapping in the second degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by certain comments made by the prosecutor during summation, which suggested, *inter alia,* that the defense counsel had mistreated the complainant during his aggressive cross-exami-

nation of her and denigrated the defense counsel's strategy and tactics. We note, however, that the Trial Justice sustained objections to several of the allegedly improper remarks and promptly issued curative instructions which were sufficient to dissipate any potential prejudice (see, People v Ferguson, 213 AD2d 668; People v Gaines, 212 AD2d 727). Furthermore, the challenged comments were, for the most part, fair response to the defense summation, which extensively attacked the complainant's credibility and demeanor (see, People v Galloway, 54 NY2d 396; People v Lee, 209 AD2d 723) and did not unduly prejudice the defendant (see, People v Robinson, 208 AD2d 961).

The defendant's claim that the Trial Justice failed to properly instruct the jury on the elements of kidnapping in the second degree is unpreserved for appellate review because the defense counsel failed to object to the charge as given (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, the charge, viewed in its entirety, adequately defined the elements of kidnapping in the second degree (see, People v Canty, 60 NY2d 830). Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.