■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAHILL, Appellant. [632 NYS2d 225] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 9, 1992, convicting him of murder in the second degree (two counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the warrantless arrest in his home was unlawful, and therefore his statements and certain physical evidence should have been suppressed, is without merit. Although it is true that "[a] warrantless arrest in a suspect's home or a place in which he has a reasonable expectation of privacy is prohibited absent exigent circumstances or consent" (*People v Long*, 124 AD2d 1016, 1017; *People v Wells*, 143 AD2d 708, 709), once the defendant stepped into a public hallway, the police had the right to make the warrantless arrest (*see, People v Jacobo*, 208 AD2d 432; *People v Siler*, 197 AD2d 842, 843; *People v Lopez*, 134 AD2d 456). The arrest was not rendered improper when the defendant voluntarily went back into his private residence (*see, People v Jacobo, supra; People v Lopez, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see, CPL 470.15 [5]*).

The defendant contends that the court's charge with respect to the presumption of innocence may have conveyed to the jury an impression that the court had already formed an opinion of guilt. Since the defendant did not object to the charge, any error with respect thereto has not been preserved for appellate review (*see*, CPL 470.05 [2]). In any event, the charge, considered as a whole, conveyed the proper standard. The trial court properly instructed the jury in detail that the People had the burden of proving each and every element of the crimes charged beyond a reasonable doubt (*see, People v Actie*, 215 AD2d 570; *People v Tomala*, 182 AD2d 848; *People v Medina*, 178 AD2d 177).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.