■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO JACKSON, Appellant. [648 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered June 14, 1993, convicting him of reckless endangerment in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the extent to which the prosecution should be allowed to use prior convictions to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court (see, *People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292; *People v Bennette,* 56 NY2d 142; *People v Guevara,* 173 AD2d 558; *People v Taylor,* 135 AD2d 848). In the case herein, the trial court's *Sandoval* ruling was not an improvident exercise of discretion (see, *People v Mattiace, supra,* at 275-276; *People v Pavao, supra,* at 292; *People v McClam,* 225 AD2d 799).

The defendant also contends that certain comments made by the prosecutor during summation constituted reversible error. We note, however, that the Trial Justice sustained objections to several of the allegedly improper remarks and promptly issued curative instructions which were sufficient to dissipate any potential prejudice (see, *People v Stith,* 215 AD2d 789; *People v Ferguson,* 213 AD2d 668; *People v Gaines,* 212 AD2d

727). Further, the challenged comments were, for the most part, fair response to the defense summation and accurately reflected the testimony at the trial (*see, People v Rosario,* 195 AD2d 577; *People v Rivera,* 158 AD2d 723).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.