■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DISTEFANO, Appellant. [677 NYS2d 578] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Roman, J.), rendered November 26, 1996, convicting him of robbery in the second degree under Indictment No. 2930/95, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 26, 1996, under Indictment No. 4641/93.

Ordered that the appeal from the amended judgment is dismissed as withdrawn, in accordance with the stipulation of the parties dated February 12, 1998; and it is further,

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree to robbery in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant punched the complainant two times on the forehead. The complainant testified that his face was sore to the touch and badly "braised" or scratched, but not bleeding. Also, he testified that his collar bone was sore "at the time * * * for awhile" as a result of the incident. An Emergency Medical Services worker applied ice to the complainant's head, but otherwise the complainant received no medical treatment. Upon this record, the People failed to adduce legally sufficient evidence of "physical injury" to sustain a conviction of robbery in the second degree, which requires some proof of the extent of the complainant's pain or that he was in substantial pain (Penal Law § 160.10 [2] [a]; § 10.00 [9]; *see, Matter of Philip A.,* 49 NY2d 198; *People v Briggs,* 220 AD2d 762). However, the evidence is legally sufficient to support a conviction of the lesser-included offense of robbery in the third degree (Penal Law § 160.05). Therefore, the defendant's conviction of robbery

in the second degree must be reduced to robbery in the third degree (*see,* CPL 470.15 [2] [a]; *People v Briggs, supra,* at 763).

The defendant's challenge to several statements during the People's summation is either unpreserved for appellate review or without merit (*see, People v Scotti,* 220 AD2d 543; *People v Jackson,* 232 AD2d 503; *People v Mack,* 197 AD2d 595). The defendant attempted to impeach the complainant's testimony by eliciting on cross-examination that he was reluctant to press charges or testify. However, the complainant went on to explain that his reluctance was a result of receiving threats. Thus, the People were permitted fair comment on the complainant's state of mind, even though the threats could not be attributed to the defendant. Additionally, the trial court gave limiting instructions during the course of the People's summation and during the charge, dissipating whatever prejudice may have accrued to the defendant (*see, People v Heppard,* 121 AD2d 466). Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.