■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMERON HENDERSON, Appellant. [684 NYS2d 797] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 6, 1997, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was entitled to a *Wade* hearing is without merit. Since there was no identification procedure conducted by the police, no preliminary hearing was required (*see, People v Henry,* 130 AD2d 508; *People v Rios,* 156 AD2d 397; *People v Robinson,* 117 AD2d 826).

The defendant's contention that he is entitled to a new trial because of the trial court's improper charge to the jury on the presumption of innocence is not preserved for appellate review (*see, People v Williams,* 226 AD2d 406; *People v Cahill,* 220 AD2d 608). In any event, the defendant's argument is without merit. The trial court properly instructed the jury in detail that the prosecution had the burden of proving each and every element of the crime charged beyond a reasonable doubt, and that the presumption of innocence only ceases if and when the jury determines that the defendant's guilt was established beyond a reasonable doubt. Although it would have been more prudent to instruct the jury that a defendant is presumed innocent "unless" his or her guilt is proven beyond a reasonable doubt rather than "until", the charge, considered as a whole, conveyed the proper standards (*see, People v Coleman,* 70 NY2d 817; *People v Canty,* 60 NY2d 830; *People v Custodio,* 243 AD2d 576; *People v Cahill, supra*; *People v Actie,* 215 AD2d 570).

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.