■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVID, Appellant. [696 NYS2d 905] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leone, J.), rendered December 5, 1996, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that improper comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review inasmuch as no objec-

tions to those comments were made during his summation (*see,* CPL 470.05 [2]; *People v Goodman,* 190 AD2d 862; *People v Ray,* 155 AD2d 625). In any event, the defendant's argument is without merit as the prosecutor's comments were, for the most part, fair response to the defense summation, which extensively attacked the complainant's credibility (*see, People v Galloway,* 54 NY2d 396; *People v Stith,* 215 AD2d 789; *People v Lee,* 209 AD2d 723), and did not unduly prejudice the defendant (*see, People v Stith, supra; People v Robinson,* 208 AD2d 961; *People v Trail,* 172 AD2d 320).

The defendant's contention that he is entitled to a new trial because of the trial court's references in its charge to the defendant's "guilt or innocence" is not preserved for appellate review (*see, People v Henderson,* 259 AD2d 495; *People v Williams,* 226 AD2d 406; *People v Cahill,* 220 AD2d 608). In any event, the defendant's argument is without merit. The trial court properly instructed the jury in detail that the People had the burden of proving each and every element of the crimes charged beyond a reasonable doubt, that the defendant is the person who committed the crime beyond a reasonable doubt, and that the presumption of innocence only ceases if and when the jury determines that the defendant's guilt was established beyond a reasonable doubt (*see, People v Cahill, supra,* at 609; *People v Actie,* 215 AD2d 570; *People v Medina,* 178 AD2d 177). Although some of the court's comments would have been better left unsaid, considered as a whole, the charge conveyed the proper standards (*see, People v Henderson, supra; People v Coleman,* 70 NY2d 817; *People v Canty,* 60 NY2d 830; *People v Custodio,* 243 AD2d 576; *People v Cahill, supra; People v Actie, supra*). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.