■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO GOMEZ, Appellant. — Judgment, Supreme Court, New York County (P. McGinley, J.), rendered April 12, 1982, convicting defendant, after jury trial, of two counts of murder in the second degree (Penal Law, § 125.25, subd 2 ["depraved indifference to human life"]), and four counts of reckless endangerment in the first degree (Penal Law, § 120.25), is modified, as a matter of discretion in the interest of justice, by reversing so much of the judgment as directs that the sentences of 25 years to life on the two murder counts shall be consecutive, and directing that all sentences on all counts shall be concurrent, and the judgment is otherwise affirmed.

In our view, concurrent sentences are more appropriate than consecutive sentences in this case.

The evidence fairly presented a question of fact for the jury whether the defendant was guilty of the acts charged, and whether his conduct and the circumstances thereof, including the deaths of two children caused by the reckless manner of his operation of a motor vehicle, fell within the statutory definition of "depraved indifference to human life" murder (Penal Law, § 125.25, subd 2) and reckless endangerment in the first degree (Penal Law, § 120.25; *People v Register*, 60 NY2d 270).

The other claims of error do not warrant any other interference with the judgment. Concur — Kupferman, J. P., Asch and Kassal, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would reduce the sentences on the murder counts further to 15 years to life on each count to run concurrently.

Defendant's recklessness had a horrifying and tragic result, the deaths of two children.

Defendant, perhaps intoxicated, drove out of a gas station at Tenth Avenue and 45th Street in Manhattan, at an extremely high rate of speed at about 8 o'clock in the evening. He collided with two cars on the roadway and swerved onto the sidewalk, and apparently continued on the sidewalk for about two blocks, killing two children and endangering several people. The entire incident took place in a matter of seconds — perhaps as little as 11 or 12 seconds. Clearly this was at least manslaughter in the second degree, "recklessly causes the death of another person" (Penal Law, § 125.15, subd 1).

It is however a much closer question, whether his conduct constituted murder under subdivision 2 of section 125.25: "2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person".

It has been said that this statute refers to conduct "of such gravity that it placed the crime upon the same level as the taking of life by premeditated design * * * equal in blameworthiness to intentional murder" (*People v Register,* 60 NY2d 270, 274-275), "wantoness" (*supra,* at p 277).

As an original matter, I would doubt whether even defendant's conduct, with its horrifying outcome in this case, meets this definition and warrants being treated as the equivalent of intentional murder rather than the lesser, though still extremely serious, crime of manslaughter in the second degree, reckless homicide. Otherwise, many reckless motor vehicle accidents could result in prosecutions, as this one did, for murder.

However, I think the holding of the majority of the Court of Appeals in *People v Register* (*supra*) does furnish a legal justification for holding defendant guilty of murder under the depraved indifference to human life statute. In the *Register* case, the Court of Appeals held (p 276) that the phrase " 'circumstances evincing a depraved indifference to human life' " is not a description of the defendant's subjective state "but rather a definition of the factual setting in which the risk creating conduct must occur — objective circumstances which are not subject to being negatived by evidence of defendant's intoxication." "Thus, whereas the former penal statutes defined depraved mind murder by referring to defendant's conduct, i.e., '[w]hen perpetrated by any act imminently dangerous to others', etc., defined *mens rea* 'as a depraved mind' and contained no references to recklessness (see Rev Stat of NY [1829], part IV, ch I, tit I, § 5, subd 2; former Penal Law, § 1044, subd 2), the present statute defines the crime by reference to the circumstances under which it occurs and expressly states that recklessness is the element of mental culpability required. The concept of depraved indifference was retained in the new statute not to function as a *mens rea* element, but to objectively define the circumstances which must exist to elevate a homicide from manslaughter to murder". (*Supra,* at pp 277-278.)

If that is the definition and the concept of depraved indifference, then the objective circumstances do, I think, fall within that definition. Driving a motor vehicle on a sidewalk at a high rate of speed for two blocks surely presents such circumstances objectively.

Nevertheless, particularly in view of my feeling that the statute is stretched to its outermost limits in applying it to this case, and the complete absence of any indication of why the defendant should *deliberately* drive at a high rate of speed for two blocks on the sidewalk, I do not think that these crimes should be punished with the maximum period of imprisonment which the law permits for murder.