■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT LOPEZ, Also Known as ALBERTO LOPEZ, Appellant.— Judgment of the Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing, jury trial, and sentence), rendered May 5, 1988, convicting defendant of burglary in the first degree and robbery in the first degree and sentencing him, as a persistent violent felony offender, to concurrent indeterminate prison terms of from 12½ years to life, is unanimously affirmed.

Defendant entered complainant's unlocked apartment, held her at knifepoint, tied and gagged her, and then took a $180 radio belonging to her husband.

Defendant contends that his right to counsel was violated because, at the time he made statements to the police, he was represented by counsel on a pending unrelated case *(see, People v Bartolomeo,* 53 NY2d 225). However, the Court of Appeals overruled *Bartolomeo,* finding that it "imposes an unacceptable burden on law enforcement" *(People v Bing,* 76

NY2d 331, 337). While a defendant represented by counsel on the charge for which he is actually being held in custody cannot be interrogated in the absence of counsel on any matter, whether related or unrelated to the subject matter of the representation (People v Rogers, 48 NY2d 167), here, defendant was not represented by counsel on the pending charges and could be validly questioned.

Nor did the court improperly submit a missing witness charge to the jury. When a defendant, as here, chooses to testify, a missing witness charge may be delivered against the defense (People v Rodriguez, 38 NY2d 95; People v Paylor, 70 NY2d 146). The prosecution satisfied its initial burden by promptly notifying the court that the uncalled witness could provide material testimony favorable to the defense; defendant failed to demonstrate that the charge was inappropriate because the witness was neither available nor under his control (People v Gonzalez, 68 NY2d 424, 427-429). The witness, as a close friend of defendant, was properly found by the jury to be under defendant's control.

Defendant was also properly adjudicated a persistent violent felony offender based upon two convictions resulting from guilty pleas. Although the 1983 plea minutes were unavailable at the time of sentencing, defendant's adjudication as a predicate felony offender in 1985 based on the same conviction bars him from challenging the use of the conviction to enhance his sentence in this case (People v Loughlin, 66 NY2d 633, 635-636, rearg denied 66 NY2d 916).

Finally, the sentence was not excessive and should not be disturbed on appeal. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.