■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROCKINGTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered May 14, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court erred in granting the People's request for a missing witness charge as to Lloyd Cook. We disagree.

Four police officers identified the defendant as the person who, at 3:15 P.M. on May 29, 1989, sold $10 worth of crack cocaine to an undercover officer in Nassau County. The defendant's aunt and uncle testified that on May 29, 1989, the defendant was with them at a barbecue in Connecticut. The aunt testified that at 3:00 P.M., she brought the defendant to the house of his friend Lloyd Cook. She picked him up at Cook's house at approximately 8:00 P.M. that evening. Under these circumstances, the testimony of Lloyd Cook would not have been cumulative, since he was allegedly the only person with the defendant at the very time the drug sale was said to have taken place. Furthermore, in this case, "the lines of

dispute were drawn sharply in terms of credibility" *(People v Rodriguez,* 38 NY2d 95, 101) and the testimony of Cook, the only additional person who purportedly knew of the defendant's presence in Connecticut at the time of the crime, "might have made the difference" *(People v Rodriguez, supra,* at 101).

Additionally, although Cook could have been called by the People, and so, was "equally available" to both parties, based upon the record before us, there is no question that Cook was a friend of the defendant and could be expected to testify favorably to the defense. Therefore, he was under the "control" of the defendant, and the fact that he was "equally available" to both parties could not defeat the motion for a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424, 429).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.