■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMOS, Appellant. [613 NYS2d 879] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered May 22, 1992, convicting defendant, after a jury trial, of two counts of attempted murder in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to two consecutive terms of 15 years to life for each attempted murder conviction, to run concurrently with concurrent terms of 5 to 15 years and 2⅓ to 7 years, respectively, for the weapons convictions, unanimously affirmed.

The court correctly granted the People's application for a missing witness charge with respect to defendant's witness' husband, such witness having testified that her husband and defendant were companions and that during the shootout with police underlying the instant charges she saw both men emerge from a nearby establishment and, apparently out of curiosity, walked toward the officers and the shooting only to be accosted by several nightstick-wielding police after the actual perpetrator escaped. It is clear from this testimony that the husband had an opportunity to observe defendant during the shootout from a unique vantage point that would have provided material and noncumulative evidence, and that his relationship to defendant was such as to establish the requisite control *(see, People v Lopez,* 165 AD2d 773, 774, *lv denied* 77 NY2d 879). There is no merit to defendant's contention that the husband was unavailable to testify. Given the importance of the husband's testimony in view of the weakness of the wife's attempt at exculpation, defendant cannot claim to have been surprised when the People made the application for the instruction after the close of evidence, and does not explain why he did not then request a continuance to search for the husband or the issuance of a subpoena.

Defendant's argument that he was deprived of a fair trial by the prosecutor's suggestion that defendant's witness was testifying in response to threats is not preserved for appellate review as a matter of law, no objection having been made during either the testimony in question or the prosecutor's summation, and indeed some of the evidence of threats having been elicited by the defense itself. Review in the interest of

justice is not warranted since counsel had an adequate opportunity to challenge the prosecutor's theory by eliciting contrary testimony, and in view of the equivocality of the evidence as to whether threats had even been made. This is not a case where there is clear evidence of threats commanding the jury's attention but no additional evidence connecting the threats to the accused *(cf., People v Rivera,* 160 AD2d 267).

Although it was error for the prosecutor, in summation, to refer to defendant's failure to call certain other witnesses, the court provided a curative instruction, which the jury is presumed to have followed, and which, when coupled with the general instructions on burden of proof, rectified the misconduct. The prosecutor also misspoke in directing the jury's attention to identification as a sole issue at trial, thereby ignoring the element of intent, but here too the court's instructions dissipated any prejudice by making clear that intent remained a necessary and critical issue. The context of the comment, in which the prosecutor differentiated defendant's theory from the codefendant's theory also positing that there had been no second shooter, indicates that the prosecutor was not trying to mislead the jury.

Although it would have been more appropriate to permit introduction of relevant portions of the firearms discharge report that only one shot had been fired, the officer conceded and explained the inconsistency during cross-examination, so that defendant was not thereby deprived of material evidence in the form of a prior inconsistent statement. Nor was defendant deprived of an opportunity to put in a defense when the court precluded testimony from the personnel at the departmental firearms discharge hearing. The same officer, who conceded that the diagram of the pursuit drawn after that hearing was inconsistent in minor details with his trial testimony, and explained that his testimony at the hearing was given under the stress of just having been in a shootout, was adequately cross-examined, and it would be entirely collateral to call the department personnel to testify concerning the officer's demeanor at the hearing.

Upon the present record, without benefit of background facts that might have been developed had a CPL article 440 motion been made *(see, People v Love,* 57 NY2d 998, 1000), we cannot conclude that defendant did not have meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Consecutive sentences were legally imposed, the jury having found that defendant had tried to kill two officers, each attempted killing, which involved the firing of separate shots,

constituting distinct acts perpetrated against separate victims. *People v Gomez* (104 AD2d 303, *affd* 65 NY2d 9), relied on by defendant, is distinguishable since the defendant's reckless driving, which caused the death of several victims, was unified conduct manifesting a continuous and unbroken stream of activity. Nor was the sentence excessive given what was a wild shootout on a residential block in which defendant used a 9 mm automatic gun and advanced on the police even after they had retreated.

Defendant's remaining contentions, some of which are unpreserved, do not warrant modification either individually or cumulatively. Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.