■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GLASCOE, Appellant. [631 NYS2d 899] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered August 3, 1994, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the People made a prima facie showing of entitlement to a missing-witness charge with respect to the defendant's wife. The People adequately demonstrated that the defendant's wife was in a position to observe the events relative to the defendant's purported alibi *(see, People v Kitching,* 78 NY2d 532). In addition, the defendant's wife was under the defendant's control *(see, People v Gonzalez,* 68 NY2d 424). Therefore, the court did not err by giving a missing-witness charge.

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.