■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL LUGO, Appellant. [648 NYS2d 539] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 24, 1994, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 20 years to life and 25 years to life, unanimously affirmed.

The People presented overwhelming evidence of defendant's guilt of the crimes charged. Specifically with respect to the charge of depraved indifference murder, the evidence showed that defendant directed the shooting of one individual sitting next to another individual, thereby recklessly disregarding a substantial and unjustifiable risk that both individuals would be killed and evincing a depraved indifference to human life (*see, People v Gomez,* 65 NY2d 9, 11). Defendant's arguments regarding intent lack merit since, here, accessorial liability is based on defendant's failure to perceive a substantial and unjustifiable risk of death while intentionally directing the shooter to engage in conduct that resulted in death (*see, People v Flayhart,* 72 NY2d 737, 741). Further, the trial court's supplementary charge to the jury regarding depraved indifference murder conveyed the appropriate legal principles.

In light of defendant's affirmative use of the fact that one of the victims was pregnant at the time of the shooting, he may not properly claim prejudice (*see, People v Tarsia,* 50 NY2d 1, 9). In any event, were we to review the issue, we would find that the trial court appropriately exercised its discretion in permitting limited evidence of this nature, as relevant to the issues of depraved indifference and identification (*see, People v Alvino,* 71 NY2d 233, 241).

The trial court's charge to the jury that for a doubt to be reasonable it "must be one for which some reason can be given"

did not impose any obligation upon the jurors to articulate reasons for such doubt, but merely "define[d] the degree of clarity and coherence of thought necessary for the jurors to conclude they harbor a reasonable doubt" (*People v Antommarchi*, 80 NY2d 247, 251).

We have considered defendant's additional claims of error and find no basis to disturb the judgment. Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.