■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CANTWELL, Appellant. [652 NYS2d 529] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered October 13, 1995, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing concurrent indeterminate sentences of two and one-half to seven and one-half years imprisonment and one and one-half to four and one-half years imprisonment, respectively.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by reducing the sentence imposed upon the defendant's conviction of criminal possession of a weapon in the second degree from two and one-half to seven and one-half years imprisonment to one and one-half to four and one-half years imprisonment; as so modified, the judgment is affirmed.

The defendant's argument that the evidence was legally insufficient to establish the element of intent with respect to criminal possession of a weapon in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's further contention that the court should have given an additional, separate instruction to the jury concerning the element of intent on the charge of criminal possession of a weapon in the second degree is also without merit. The court instructed the jury as to each essential element of the crime, and also that the defendant's commission of that crime must be proved beyond a reasonable doubt (*see, People v Newman,* 46 NY2d 126, 128; *see also,* CPL 70.20), and the charge, when viewed as a whole, adequately conveyed the proper standards (*see, People v Roman,* 190 AD2d 831, *affd* 83 NY2d 866; *People v Coleman,* 70 NY2d 817).

The sentence imposed was excessive to the extent indicated herein. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur. [As amended by unpublished order entered Jan. 9, 1997.]