■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [667 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered May 22, 1996, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant, who at trial made no objections to any portion of the court's instructions to the jury, has failed to preserve for appellate review his contention that the court's charge on reasonable doubt, in effect, shifted the burden of proof to the defendant (*see, People v Baucom,* 154 AD2d 688). In any event, we note that it was not error to instruct the jurors that reasonable doubt was one that a "reasonable person acting in a matter of this importance would be likely to entertain because of the evidence or because of the lack or insufficiency of the evidence". The wording used by the trial court and challenged by the defendant is considered the "preferred phrasing to convey the concept and degree of reasonable doubt, [as] illustrated in the Pattern Criminal Jury Instructions" (*People v Cubino,* 88 NY2d 998, 1000; *see,* CJI 6:20). Moreover, none of the alleged errors in the jury charge as given diluted the effect of the charge, which repeatedly and accurately conveyed to the jury the concept of reasonable doubt and which party had the burden in establishing reasonable doubt (*see, People v Thomas,* 50 NY2d 467; *People v Baucom, supra).* Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.