■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS DESEMEAU, Appellant. [669 NYS2d 865] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered April 16, 1996, convicting him of robbery in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of various crimes arising from the theft of the complainant's automobile. The defendant contends that reversible error took place because the prosecutor mischaracterized the defense theory of the case by arguing on summation that the defendant's guilt of criminal possession of stolen property was "undisputed". However, the defendant's claim is not supported by the record, which reveals that the defense strategy was to concede that the defendant had committed larceny by taking the complainant's automobile, but to deny that force had been used to accomplish the theft. Under these circumstances, the prosecutor's remarks were fair comment on the defense trial strategy (*see, People v Ashwal*, 39 NY2d 105, 109; *cf., People v Levy*, 202 AD2d 242).

In addition, there is no merit to the defendant's claim that the trial court's charge on reasonable doubt diluted the burden of proof. It was not error for the court to instruct the jurors that if they were "satisfied that in entertaining such a doubt [they were] acting as a reasonable person should act in a matter of this importance, then that is a 'reasonable doubt' " (*see*, 1 CJI[NY] 6.20; *People v Hill*, 154 AD2d 887; *see also, People v Johnson*, 245 AD2d 570).

The defendant's remaining contention is without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.