(December 30, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK H. PEACE, Appellant. [683 NYS2d 317] —Crew III, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered June 13, 1997, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fourth degree and forgery in the third degree.

Defendant was indicted and charged with criminal possession of stolen property in the fourth degree and forgery in the third degree. Following a jury trial, defendant was found guilty as charged and sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years for the stolen property conviction and one year in jail for the forgery conviction, said sentences to run concurrently.

The gravamen of the People's case was that defendant, on April 27, 1996 at approximately 2:00 A.M., rented rooms at the Holiday Inn in the City of Amsterdam, Montgomery County, using a stolen credit card and signing the "bearer's" name. During the course of the trial, defendant testified on his own behalf recounting his activities during the late evening hours of April 26, 1996 and culminating with his arrival at his home at 1:55 A.M. on April 27, 1996, which was about the time of the commission of the crimes. The People moved to strike defendant's testimony on the ground that he failed to file and serve a notice of alibi in compliance with CPL 250.20, which motion was granted by County Court. Defendant contends that County Court's ruling constituted reversible error. We agree.

It is axiomatic that a trial court may, in its discretion,

exclude the testimony of alibi witnesses where a defendant has failed to provide prior notice of the identity of such witnesses (CPL 250.20 [3]; *see, e.g., People v Aviles*, 234 AD2d 466, *lv denied* 89 NY2d 983). However, a reading of CPL 250.20 makes plain that the preclusive provisions contained therein apply only to witnesses who a defendant seeks to call to establish an alibi and nowhere makes reference, explicitly or by implication, to a defendant personally. Quite clearly, the preclusive provisions of CPL 250.20 do not apply to the testimony of a defendant inasmuch as he or she has the absolute right, both statutorily and constitutionally, to testify on his or her own behalf (*see*, CPL 60.15 [2]; *People v Rakiec*, 289 NY 306; *see also, Brooks v Tennessee*, 406 US 605). Accordingly, the judgment must be reversed and the matter remitted for a new trial. In light of this conclusion, we need not address the remaining issues raised on appeal.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Montgomery County for a new trial.