■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD REDD, Appellant. [698 NYS2d 214] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 26, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life and a $5,000 fine, modified, as a matter of discretion in the interest of justice, to the extent of deleting the portion of the sentence that imposed the fine, and otherwise affirmed.

Defendant's claim regarding the trial court's response to the jury's note seeking a "laymen's" explanation of reasonable doubt is unpreserved, and we decline to review it in the interest of justice. Were we to review it, we would find that the court responded meaningfully to the note by relying on its correct initial charge which had been re-read to the jury on one occasion during deliberations. When the entire note is read in context, it is clear that the jury was provided with adequate guidance by the initial charge and subsequent instruction (*People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847).

We advise Trial Judges to adhere to the reasonable doubt charge set forth in 1 CJI(NY) 6.20 in order to prevent problems that arise in instructing jurors on reasonable doubt (*see, People v Malloy, supra*, at 303; *People v Sanchez*, 61 NY2d 1022, 1024; *People v Ford*, 66 NY2d 428, 441; *People v Paris*, 229 AD2d 926, *lv denied* 88 NY2d 1070; *People v Romanelli*, 239 AD2d 940, *lv denied* 90 NY2d 910).

We find the imposition of the fine was an improvident exercise of discretion in the present circumstances. Concur— Rosenberger, J. P., Williams, Rubin and Buckley, JJ.

Saxe, J., concurs in a memorandum as follows: I agree that in the final analysis, we must reject defendant's claim of error regarding the court's response when the jury requested an explanation of reasonable doubt in laymen's terms. However, I cannot conclude, as does the majority, that the jury was not perplexed by the reasonable doubt charge. Rather, I would hold that in the face of a request for a re-wording or simplification of the reasonable doubt charge, the Trial Judge acted properly in declining to attempt such a thing.

A Trial Judge has an obligation to respond meaningfully to requests for further instructions (*see, People v Malloy*, 55 NY2d 296). Even where a jury charge is a complete and correct statement of the law, in the face of a question from the jury the Trial Judge must ascertain whether the jury has understood the instructions given, and must endeavor to fill in any gaps in understanding.

Initially, in the present case the most careful response would have been to ascertain whether the jury's request was intended to convey complete confusion over the reasonable doubt standard, or rather, a more limited concern, such as a question as to the meaning of particular words or phrases contained in the charge. If a limited clarification will suffice, it ought to be provided. In this instance, however, the jury clearly was seeking a simplification of the intended meaning of the charge as a whole.

It has been repeatedly recognized that jury charges in general, and the standard reasonable doubt charge in particular, are long-winded and full of language not commonly used elsewhere (*see, e.g.*, Steele & Thornburg, *Jury Instructions: A Persistent Failure to Communicate*, 67 NC L Rev 77, 98-99; Severance, Greene & Loftus, *Criminology: Toward Criminal Jury Instructions that Jurors Can Understand*, 75 J Crim L & Criminology 198). Our jury charges are written by highly educated people, and—intentionally or not—*for* highly educated people (*see*, Strawn and Buchanan, *Jury Confusion: A Threat to Justice*, 59 Judicature 478, 483). It should come as no surprise that a jury would ask for a translation of it to laymen's terms.

Nevertheless, a Trial Judge should not attempt to do so.

Our adoption and use of pattern charges on important points of criminal law reflect a central policy of our judicial system. We seek to assure that all criminal defendants receive consistent treatment by the trial courts throughout the State; that all convictions are based upon the same standard. The further a Judge's instructions diverge from the standard, the greater the probability that the jury's determination was not based upon the same standard.

Furthermore, many pattern charges, particularly the charge on reasonable doubt contained in the CJI, are the product of careful consideration by some of the most knowledgeable members of the profession, whose phrasing has already been upheld by appellate authority. Any re-phrasing, particularly in the name of simplification, is likely to be viewed on appeal as resulting in an alteration of the standard (*see*, Severance,

Greene & Loftus, *op. cit.,* at 199-200). This is particularly applicable to reasonable doubt charges.

"The concept of reasonable doubt itself defies precise definition. Of necessity, it must be described in general terms that will convey simply to the jury 'the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason' " (*People v Malloy*, 55 NY2d 296, 303, *supra,* quoting *People v Jones*, 27 NY2d 222, 227). It is equally important to recognize that "the definition of reasonable doubt is an area of instruction in which amplification often leads to error" (*People v Malloy, supra,* at 303; *and see, e.g., People v Cousart*, 74 AD2d 877; *People v Lanni*, 73 AD2d 538; *People v Cotto*, 28 AD2d 1116). Given the care taken in the correct formulation of these pattern instructions, it is inadvisable for a Trial Judge to attempt to improve the charge by re-phrasing it.

Therefore, although the request for the use of laymen's terms was understandable, attempted simplification by one Judge at a time would run too great a risk of reversal, and would also run afoul of our strong public policy requiring consistent treatment of criminal defendants at trial. Instead, perhaps we, as a profession, should consider simplifying the instruction to ensure comprehension by jurors of a single, clear-cut standard (*see, e.g.,* Newman, *Beyond "Reasonable Doubt"*, 68 NYU L Rev 979, 991).