■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEON TRENT, Appellant. [709 NYS2d 538] —Judgment, Supreme Court, Bronx County (John Perone, J.), rendered October 23, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 9 to 18 years, unanimously affirmed.

Defendant failed to preserve his claim that the court inhib-

ited his exercise of peremptory challenges when it commented that, in this case involving the robbery of a mail carrier, a pattern of challenges to postal workers might raise concerns under *Batson v Kentucky* (476 US 79). Defendant expressed no disagreement with the court's speculation about a possible *Batson* issue and made no complaint that his selection of a jury had been adversely affected. We decline to review this claim in the interest of justice. Were we to review this claim, we would find that, even assuming that postal workers may not be deemed a protected class under *Batson* (*see, J.E.B. v Alabama ex rel. T.B.*, 511 US 127, 142, n 14), the court's suggestion otherwise did not cause any prejudice to defendant, who continued to challenge postal workers after the court's comments. While defendant withdrew a challenge to one postal worker, he did so after the court noted that the decision to accept the juror was counsel's choice.

The court properly granted the People's request for a missing witness charge with respect to the friend whom defendant alleged would corroborate his innocent bystander defense, who was present in court and spoke with defense counsel. The closeness of friendship reflected in the record was sufficient under the circumstances to establish control (*see, People v Brockington*, 184 AD2d 646, *lv denied* 80 NY2d 927; *People v Lopez*, 165 AD2d 773, *lv denied* 77 NY2d 879). The issue of the timeliness of the request is unpreserved (*People v Erts*, 73 NY2d 872), and we decline to review it in the interest of justice. Concur— Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.