OPINION OF THE COURT
Guy J. Mangano, Jr., J.
The defendant stands convicted after a jury trial of assault in the second degree (Penal Law § 120.05) and menacing in the third degree (Penal Law § 120.15). Prior to summations, the People made a request for a missing witness charge based upon testimony given by the defendant. After the verdict, but before sentencing, defendant moved by notice of motion dated February 7, 2001, pursuant to GPL 330.30, for an order setting aside the verdict. The People have submitted opposition to the motion. For purposes of judicial economy, this court will consider both the People’s request to charge and defendant’s motion together.
At the trial, the People’s eyewitnesses to the incident essentially testified that on February 13, 2000, at approximately 8:00 p.m., in the Greenpoint Hotel,[1] they heard Richard Todd’s screams for help, and upon investigation observed Mr. Todd beaten beyond recognition. The eyewitnesses also testified that they observed defendant leaving the victim’s room as they entered. Although not immediately reported by Mr. Todd, after a three-week hospital stay for his injuries, he informed the police on or about March 3, 2000 that Danton Duncan had committed the attack. Defendant turned himself into the police soon thereafter and has been incarcerated since.
The defendant took the stand, and for the first time during the course of this criminal proceeding, testified that he and an *207 other individual known only as “Don” went to a local fast food restaurant to eat dinner and that defendant returned to the residence to find the victim beaten in his room. According to defendant, Don lived “downstairs” in the hotel, they only knew each other for a short period of time, and socialized on a few occasions. The defendant’s testimony, although apparently disregarded as incredible by the jury, prompted the People to request a missing witness charge concerning Don. For the reasons which follow, this court denied the People’s request for the charge.[2] During closing arguments, however, the prosecutor made reference to the defendant’s failure to call the possible alibi witness. The court sustained defense counsel’s objection and informed the jury that they were to disregard the comment. Outside the presence of the jury, defense counsel sought a mistrial based upon the prosecutor’s references to Don.
The People’s Request
Defendant’s Alibi Testimony
In this matter, defendant did not provide the People with notice pursuant to CPL 250.20 concerning alibi testimony.[3] To the contrary, as stated above, the People and the court were not aware of any alibi and were surprised at trial by defendant’s version of the alleged facts. In response to defendant’s alibi testimony, and the failure to offer any notice of same, the People requested that his testimony be stricken. This court *208 denied the request as “the preclusive provisions contained [in CPL 250.20] * * * apply only to witnesses who a defendant seeks to call to establish an alibi and nowhere makes reference, explicitly or by implication, to a defendant personally” (People v Peace, 256 AD2d 1014, 1015; see also, People v Rosado, 153 Misc 2d 477). Given the clear statutory and fundamental constitutional rights of a criminal defendant to testify, the striking of such testimony for failure to comply with the notice requirements of CPL 250.20 would be improper (see, People v Mason, 263 AD2d 73; People v Peace, supra; CPL 60.15 [2]; US Const 14th Amend; NY Const, art I, § 6; People v Burke, 176 AD2d 1000, 1001, lv denied 79 NY2d 825; People v Harami, 93 AD2d 867). As such, the testimony was received into evidence, and the People immediately sought the missing witness charge.[4]
Missing Witness Charge
A missing witness charge is properly presented to the jury when the party against whom the charge is given is able to locate and produce the witness and “there was such a relationship, in legal status or on the facts, as to make it natural to expect the party to have called the witness to testify in his favor” (People v Gonzalez, 68 NY2d 424, 429; see also, People v Keen, 94 NY2d 533). The initial burden is on the party seeking the charge, here, the People, to establish that “there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him to testify” (People v Gonzalez, supra, at 427). It is then incumbent upon the challenging party to demonstrate that the witness has no knowledge of the issue, that the issue is immaterial or irrelevant, that the testimony would be cumulative, that the witness is unavailable, or “that the witness is not under the party’s ‘control’ such that he would not be expected to testify in his * * * favor” (People v Gonzalez, supra, at 428). It is the control factor which concerns this court.
*209 Although the “ ‘relative concept’ ” of control is “not susceptible of precise definition,” it is clear that the relationship between the witness and the party charged with calling such witness is the dispositive factor (see, People v Gonzalez, supra, at 428-429). While a witness may be potentially available to both parties, a witness is said to be in the control of a party when the witness “is favorable to or under the influence of one party and hostile to the other” (People v Gonzalez, supra, at 429).
In light of the foregoing, the defendant’s relationship with Don must be examined. Defendant testified that he did not know Don’s last name, and that the two apparently grew up in the same neighborhood although they met only recently at the hotel where they resided. Further, defendant stated that Don was only an acquaintance.
It is settled law that spouses and relatives, with the proper foundation established, are “perforce deemed to be under the defendant’s control” (see, People v Rodriguez, 38 NY2d 95, 98, n 1; see also, People v Macana, 84 NY2d 173 [father]; People v Fregosi, 258 AD2d 259, lv denied 93 NY2d 970 [brother]; People v Garcia, 250 AD2d 421, lv denied 92 NY2d 897 [stepbrothers]; People v Glascoe, 220 AD2d 447, lv denied 87 NY2d 901 [wife]), and would thus be expected to testify in defendant’s favor (People v Rodriguez, supra). Similarly, friendship between the defendant and the witness could establish the requisite element of control (see, People v Trent, 273 AD2d 50, 51, lv denied 95 NY2d 893 [“closeness of friendship reflected in the record was sufficient under the circumstances to establish control”]; People v Lopez, 165 AD2d 773, lv denied 77 NY2d 879 [close friend]; see also, People v Morales, 126 AD2d 575 [defendant’s girlfriend]; People v Paylor, 121 AD2d 891, affd 70 NY2d 146 [close friend]). However, where there exists only a casual friendship or where the witness and the defendant (or in the case of a defense request for the prosecution’s missing witness, the complainant) are only mere acquaintances, it cannot be said that the witness is under the control of the calling party (see, People v Banks, 276 AD2d 294 [“casual friendship”]; People v Brunson, 270 AD2d 133, 134, lv denied 95 NY2d 833 [“casual friendship”]; People v Justice, 202 AD2d 362, lv denied 83 NY2d 1004 [“Defendant was not entitled to a missing witness charge as to a witness whose relationship to the complainant was no more than that of a friend”]; see also, People v Duval, 172 AD2d 248, lv denied sub nom. People v Cummins, 77 NY2d 994; People v Josan 92 AD2d 902).
*210 Moreover, defendant has been incarcerated since March 4, 2000, and coupled with the transient nature of the Greenpoint Hotel, there is little likelihood that Don could be considered under the control of defendant or would be available to testify (see, e.g., People v Taranovich, 37 NY2d 442, 446 [“a defendant confined to jail prior to trial is at an obvious and distinct disadvantage in the sense that he can only assist in the preparation of his defense to a limited degree because he is unable to gather evidence or to contact prospective witnesses”]). Thus, based upon the testimony provided by defendant, Don was not under defendant’s control and this court is constrained to follow the law despite possible prejudice to the People.
Defendant’s Motion to Set Aside the Verdict
According to defense counsel, the verdict should be set aside based upon an allegedly improper reasonable doubt instruction. Further, it is argued that setting aside the verdict is warranted in light of certain comments made by the prosecution during closing arguments, and that the verdict was rendered against the weight of the evidence.
Reasonable Doubt Charge
Defendant maintains that this court erred in its charge to the jury concerning reasonable doubt. Specifically, it is argued that the court improperly denied defendant’s request to charge that a reasonable doubt can be found from the “lack of evidence as well as from evidence.” Further, that the court should have instructed the jury that a juror need “not have to be able to articulate his or her doubt, as long as it is reasonable,” and that the jury could acquit defendant based upon “the slightest doubt, as long as it is reasonable.” In fact, regarding the latter contention, defense counsel suggests in the motion that such “slightest doubt” charge is mandatory.
It is a fundamental concept in our society that the People have the burden of establishing beyond a reasonable doubt each and every element of the crimes charged and defendant’s commission thereof (see, People v David, 266 AD2d 228, lv denied 94 NY2d 861; People v Cahill, 220 AD2d 608, lv denied 87 NY2d 920; CPL 300.10 [2]). The “standard is an ancient and honored aspect of our criminal justice system, [and] it defies easy explication” (Victor v Nebraska, 511 US 1, 5). However, so long as the charge, taken as a whole, properly conveys the concept of reasonable doubt, there is no statutory or constitutional requirement mandating the specific language to be used *211 by the trial court (see, Holland v United States, 348 US 121; Victor v Nebraska, supra; see also, People v Canty, 60 NY2d 830; People v Padilla, 219 AD2d 688, lv denied 87 NY2d 905). In fact, “[o]f necessity, it must be described in general terms that will convey simply to the jury ‘the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason’ ” (People v Malloy, 55 NY2d 296, 303, cert denied 459 US 847, quoting People v Jones, 27 NY2d 222, 227). With the above in mind, defendant’s contention that the reasonable doubt charge in this matter was improper is without merit.
The State Committee on Criminal Jury Instructions (CJI Committee) has recently approved a revised charge for the presumption of innocence, the burden of proof, and reasonable doubt which this court utilized in the instant matter (see, e.g., People v Redd, 266 AD2d 12, 14 [Saxe, J., concurring], lv denied 94 NY2d 866 [“perhaps we, as a profession, should consider simplifying the instruction to ensure comprehension by jurors of a single, clear-cut-standard”]; Riccardi, Changes Drafted for Criminal Jury Instructions, NYLJ, Aug. 2, 2000, at 1, col 3).[5] The reasonable doubt portion of the charge that was presented to the jury reads as follows:
“What does our law mean when it requires proof of guilt ‘beyond a reasonable doubt’?
“The law uses the term, ‘proof beyond a reasonable doubt,’ to tell you how convincing the evidence of guilt must be to permit a verdict of guilty. The law recognizes that, in dealing with human affairs, there are very few things in this world that we know with absolute certainty. Therefore, the law does not require the People to prove a defendant guilty beyond all possible doubt. On the other hand, it is not sufficient to prove that the defendant is probably guilty. In a criminal case, the proof of guilt must be stronger than that. It must be beyond a reasonable doubt.
“A reasonable doubt is an honest doubt of the defendant’s guilt for which a reason exists based upon the nature and quality of the evidence. It is an actual doubt, not an imaginary doubt. It is a doubt that a reasonable person, acting in a matter of this importance, would be likely to entertain because of *212 the evidence that was presented or because of the lack of convincing evidence.
“Proof of guilt beyond a reasonable doubt is proof that leaves you so firmly convinced of the defendant’s guilt that you have no reasonable doubt of the existence of any element of the crime or of the defendant’s identity as the person who committed the crime.
“In determining whether or not the People have proven the defendant’s guilt beyond a reasonable doubt, you should be guided solely by a full and fair evaluation of the evidence. After carefully evaluating the evidence, each of you must decide whether or not that evidence convinces you beyond a reasonable doubt of the defendant’s guilt.
“Whatever your verdict may be, it must not rest upon baseless speculations. Nor may it be influenced in any way by bias, prejudice, sympathy, or by a desire to bring an end to your deliberations or to avoid an unpleasant duty.
“If you are not convinced beyond a reasonable doubt that the defendant is guilty of a charged crime, you must find the defendant not guilty of that crime. If you are convinced beyond a reasonable doubt that the defendant is guilty of a charged crime, you must find the defendant guilty of that crime.”
First, defense counsel’s position that the court erred in failing to charge that the jury may consider the lack of evidence is patently without merit as the above charge clearly indicates that the jury may consider the “lack of convincing evidence” in determining whether the People established defendant’s guilt beyond a reasonable doubt (see e.g., People v Johnson, 245 AD2d 570, lv denied 92 NY2d 854; see also, 1 CJI[NY] 6.20, at 249).
Second, the new charge, contrary to defendant’s contention, does not impose an affirmative obligation on any juror to articulate to the other jurors the basis for reasonable doubt, nor does it shift the burden of proof (see, People v Antommarchi, 80 NY2d 247, rearg denied 81 NY2d 759; see also, People v Lugo, 232 AD2d 236, 236-237, lv denied 89 NY2d 943 [“The trial court’s charge to the jury that for a doubt to be reasonable it ‘must be one for which some reason can be given’ did not impose any obligation upon the jurors to articulate reasons for such doubt, but merely ‘define [d] the degree of clarity and coherence of thought necessary for the jurors to conclude they harbor a reasonable doubt’” (citation omitted)]). In fact, the new charge omits the phrase that a reasonable doubt is one *213 “for which some reason can be given” (1 CJI [NY] 6.20, at 249), and states, rather, inter alia, that a reasonable doubt is an “actual doubt” that a reasonable person “would be likely to entertain.” Thus, the CJI Committee has clearly removed from the charge any suggestion that a reasonable doubt need be articulated by a juror, thereby further clarifying the concept to the jury (see, People v Antommarchi, supra; People v Lugo, supra; see also, People v Redd, supra).
In short, the new charge, as read to the jury in the present action, viewed as a whole, clearly relayed the proper standard of proof to the jury (see, e.g., People v Persaud, 237 AD2d 538, lv denied 89 NY2d 1098; People v Cantwell, 234 AD2d 606; People v Rodriguez, 225 AD2d 564, lv denied 88 NY2d 969).[6] Moreover, the charge has been streamlined and phrased in such a manner so as to succinctly convey the meaning of reasonable doubt to the jury, and this court did not err by following its language as approved by the CJI Committee (see, People v Cubino, 88 NY2d 998, 1000 [“The preferred phrasing to convey the concept and degree of reasonable doubt is illustrated in the Pattern Criminal Jury Instructions”]; see also, People v Mollica, 267 AD2d 333; People v Redd, supra; People v Johnson, supra; People v Nazario, 236 AD2d 232, lv denied 89 NY2d 1098).
*214 Further, this court is not required to charge that the slightest doubt, so long as it is reasonable, is mandated language in the reasonable doubt charge (see, People v Cubino, supra; see also, People v Mollica, supra; People v Redd, supra; People v Johnson, supra; People v Nazario, supra; Holland v United States, supra).
Prosecutor’s Comments During Closing Arguments
During the People’s closing argument, the prosecutor stated, “Ask yourselves, where’s Don? The guy lives in the hotel with [defendant].” In response, the following colloquy took place:
“mr. becker: Objection.
“the court: Sustained.
“mr. holohan: Lived downstairs. Knew him from the old neighborhood. Where’s Don?
“mr. becker: Objection, your Honor.
“the court: Sustained.
“mr. holohan: Who is Don?
“mr. becker: Objection, your Honor.
“the court: Sustained. Move on. Disregard that, ladies and gentlemen.”
After the jury retired to deliberate, defendant’s attorney sought a mistrial based upon the reference to the missing witness. This court denied the request.
In his motion to set aside the verdict, defense counsel contends that a mistrial was warranted where the prosecutor, “at least three times,” referred to Don in the summation. Because, however, this court sustained defendant’s objections and told the jury they were to disregard the prosecutor’s comments, there is no basis to set aside the verdict on such grounds, as the jury is presumed to have followed this court’s instructions (see, People v Singleton, 270 AD2d 190, lv denied 95 NY2d 858; see also, People v Davis, 58 NY2d 1102).
Notwithstanding the above, because defendant testified and presented evidence that he was not at the scene of the attack, the door was open to comment by the prosecutor without an impermissible shifting of the burden of proof (see, People v Tankleff, 84 NY2d 992; People v Negroni, NYLJ, Feb. 20, 2001, at 31, col 3).
Sufficiency of the Evidence
Finally, defendant contends that certain alleged contradictory statements made by the People’s eyewitnesses and the *215 victim rendered the jury’s verdict as against the weight of the evidence.
A trial court may set aside a verdict of guilty based upon “[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court” (CPL 330.30 [1]). Since the determination of whether a verdict is against the weight of the evidence is deemed to be on the facts, and is therefore in the exclusive province of an intermediate appellate court, it is improperly raised in the instant motion (see, People v Rayam, 94 NY2d 557; see also, People v Carter, 63 NY2d 530; People v Garcia, 272 AD2d 189, lv denied 95 NY2d 889).
In view of the foregoing, defendant’s motion to set aside the verdict is denied on all grounds.

. Testimony at the trial revealed that the Greenpoint Hotel is a single-room occupancy men’s residence. Both the victim and defendant, as well as the People’s eyewitnesses, Donna Dixon and Melvin Dixon, were residents of the hotel.

. The People declined the three-day adjournment to attempt to locate the missing witness pursuant to CPL 250.20 (3).

. See, CPL 250.20 (1), which states:
“At any time, not more than twenty days after arraignment, the people may serve upon the defendant or his counsel, and file a copy thereof with the court, a demand that if the defendant intends to offer a trial defense that at the time of the commission of the crime charged he was at some place or places other than the scene of the crime, and to call witnesses in support of such defense, he must, within eight days of service of such demand, serve upon the people, and file a copy thereof with the court, a ‘notice of alibi,’ reciting (a) the place or places where the defendant claims to have been at the time in question, and (b) the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness upon whom he intends to rely. For good cause shown, the court may extend the period for service of the notice.”

. This court notes that the People’s request was timely as it was made as soon as practicable after defendant’s testimony (see, People v Rosado, supra).

. Although not published as of the date of this decision, the new charge was approved by the CJI Committee in December 2000. Thus, any citation to the reasonable doubt charge in this decision refers to the unrevised version which currently appears in the CJI Charges of General Applicability (see, 1 CJI [NY] 6.05, at 244; 1 CJI [NY] 6.10, at 246; 1 CJI[NY] 6.20, at 248).

. The combined charge introduces the definition of reasonable doubt with the newly revised presumption of innocence and burden of proof charges as follows:
“We now turn to the fundamental principles of our law that apply in all criminal trials: the presumption of innocence, the burden of proof, and the requirement of proof beyond a reasonable doubt.
“Throughout these proceedings, the defendant is presumed to be innocent. As a result, you must find the defendant not guilty, unless, on the evidence presented at this trial, you conclude that the people have proven the defendant guilty beyond a reasonable doubt.
“In determining whether the People have satisfied their burden of proving the defendant’s guilt beyond a reasonable doubt, you may consider all the evidence presented, whether by the People or by the defendant. In doing so, however, remember that, even though the defendant introduced evidence, the burden of proof remains on the People.
“The defendant is not required to prove that he is not guilty. In fact, the defendant is not required to prove or disprove anything. To the contrary, the People have the burden of proving the defendant guilty beyond a reasonable doubt. That means, before you can find the defendant guilty of a crime, the People must prove beyond a reasonable doubt every element of the crime including that the defendant is the person who committed that crime. The burden of proof never shifts from the People to the defendant. If the People fail to satisfy their burden of proof, you must find the defendant not guilty. If the People satisfy their burden of proof, you must find the defendant guilty.”