■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE CORSTON, JR., Appellant. [735 NYS2d 817] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered December 21, 2000, convicting him of rape in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE DAWKINS, Appellant. [735 NYS2d 818] —Appeals by the defendant from two judgments of the County Court, Suffolk County (Weber, J.), both rendered August 4, 1998, convicting him of robbery in the first degree (two counts) under Indictment No. 1044/97 and attempted robbery in the first degree under Indictment No. 1698/97, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law, and a new trial is ordered.

At trial, the People requested that the defendant not be permitted to testify with respect to his whereabouts at certain relevant times, as he had failed to provide the People with notice of his alibi defense (*see,* CPL 250.20). The County Court granted the People's request. The defendant contends that the County Court's ruling constituted reversible error. We agree. The preclusive provisions of CPL 250.20 do not apply to a defendant's testimony, since the defendant has an absolute right, both statutorily and constitutionally, to testify on his own behalf (*see, People v Rakiec,* 289 NY 306; *People v Peace,* 256 AD2d 1014; *People v Cuevas,* 67 AD2d 219, 224; *People v Duncan,* 187 Misc 2d 205, 207-208; *People v Rosado,* 153 Misc 2d 477; *Walker v Hood,* 679 F Supp 372, 381, *affd* 854 F2d 1315; *see also, Alicea v Gagnon,* 675 F2d 913). Therefore, the County Court committed reversible error in precluding the defendant from testifying as to his alibi. S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.