<partyblock>

The People of the State of New York, Respondent,

against

Everett Jackson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered April 24, 2013, after a nonjury trial, convicting him of attempted criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Robert M. Mandelbaum, J.), rendered April 24, 2013, affirmed.

The verdict convicting defendant of attempted criminal possession of a controlled substance in the seventh degree (see Penal Law  110.00/220.03) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility, including its evaluation of inconsistencies in testimony and an officer's inability to recall minor details.

The court properly exercised its discretion in granting the People's request for a missing witness charge with respect to an individual who was present when defendant allegedly possessed the crack pipe. The closeness of friendship reflected in the record was sufficient under the circumstances to establish that the witness was under defendant's control (see People v Gonzalez, 68 NY2d 424, 428-429 [1986]; People v McKenzie, 281 AD2d 236, 237 [2001], lv denied 97 NY2d 642 [2001]; People v Trent, 273 AD2d 50, 51 [2000], lv denied 95 NY2d 893 [2000]). In any event, any error in giving the missing witness charge was harmless in the context of this nonjury trial and given the overwhelming evidence of guilt (see People v Hall, 18 NY3d 122, 132 [2011]; People v McFarlane, 189 AD2d 785, 785 [1993]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 19, 2018

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>