People v Feliciano (2023 NY Slip Op 00173)

People v Feliciano

2023 NY Slip Op 00173

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Ind. No. 3951/18 Appeal No. 17059 Case No. 2020-00776 

[*1]The People of the State of New York, Respondent,
v
Luis Feliciano, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered December 18, 2019, convicting defendant, after a jury trial, of attempted sexual abuse in the first degree, criminal trespass in the second degree, and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.
We reject defendant's argument that the verdict on the attempted sexual abuse charge was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence overwhelmingly established that defendant acted for the purpose of sexual gratification and that he came dangerously close to touching the victim's intimate parts. The evidence showed that defendant confronted the 14-year-old victim in an elevator, almost immediately demanded "p . . . y" while threatening to hurt the victim, repeatedly grabbed at her crotch, and prevented her from leaving the elevator. There was no nonsexual explanation for these actions (see People v Leonard, 29 NY3d 1, 8 [2017]; Matter of Xheenan N., 273 AD2d 50 [1st Dept 2000]). A surveillance videotape unequivocally shows that defendant was grabbing the victim's crotch, rather than at her phone as defendant asserts, and the record fails to support defendant's claim that he used the word "p . . .y" as part of a purported dispute with the victim.
The portion of a 911 call in which the victim's neighbor stated that the victim had been the target of an attempted groping and rape should have been excluded. This did not qualify as a present sense impression because the neighbor was not a witness to the events reported (see People v Cantave, 21 NY3d 374, 382 [2013]; People v Thelismond, 180 AD3d 1076, 1078 [2d Dept 2020], lv denied 35 NY3d 1029 [2020]). However, we find that the neighbor's very brief summary of the victim's account was harmless (see People v Crimmins, 36 NY2d 230 [1975]). Defendant did not preserve his challenges to the victim's own statement on the 911 call, her statement to a responding officer, and certain text messages between the victim and a friend, and we decline to review them in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in admitting these statements as excited utterances (see generally People v Hernandez, 28 NY3d 1056, 1057 [2016]), and that any error was likewise harmless. With regard to both the preserved and unpreserved issues, the hearsay statements were made by witnesses who testified at trial, and "prior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination" (People v Ludwig, 24 NY3d 221, 230 [2014]).
We perceive no basis for reducing the sentence, including [*2]the 15-year term of postrelease supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023